Dear Mrs. Brackin:
Your request for an Attorney General's Opinion was forwarded to me for research and reply. As I understand, you have asked the following questions:
 1) Does La. R.S. 46:2583 supersede local ordinances regarding handicapped parking?
 2) Do judges have the authority to reduce the fine provided in La. R.S. 40:1742?
 3) Does a law enforcement official, with the authority to issue parking tickets for handicap violations, violate La. R.S. 40:1742 by failing to do so?
The legislature drafted La. R.S. 46:2583 and La. R.S.40:1742 with the intent of establishing a system of imposing mandatory fines and disposing of those fines. That is, entities who fall under the scope of La. R.S. 40:1742 must comply with the disbursement provisions of La. R.S. 46:2583. Your first question relates to the scope of these statutes. La. R.S. 40:1742 states, in pertinent part:
 B.(1) Each state agency and political subdivision having jurisdiction over state parking, publicly owned and operated parking facilities, public facilities, or public facilities for accommodation shall provide for and enforce a penalty of two hundred seventy-five dollars for persons who park in spaces for the mobility impaired who do not have a license plate for the mobility impaired which contains the word "handicapped" embossed on the license plate or a properly displayed parking card issued pursuant to R.S. 47:463.4 or 463.4.1.
There is no ambiguity in the language of this provision. It clearly sets forth that all entities with the authority to issue parking tickets for handicap parking violations must establish and enforce a $275 fine for such violations. Furthermore, the language *Page 2 
specifically includes political subdivisions of the state (such as municipalities), and expressly mandates enforcement of this provision. As such, the wording of this statute is an express preemption of any contrary local or municipal ordinance. Thus, all state agencies and political subdivisions must comply with the $275 fine established in La. R.S. 40:1742, and therefore must also comply with the disposition provisions mandated by La. R.S.46:2583.
It is well-established that judges have a great deal of discretion in sentencing within the sentencing guidelines provided in the Code of Criminal Procedure. The issue in your second question, however, is whether the language of La. R.S.40:1742 divests judges of their discretion in this matter. This issue was previously discussed in Attorney General Opinion No. 96-148, in which this office stated:
 These statutes use the word "shall" in reference to the enforcement of these particular penalties. La. C.Cr.P. art. 5 provides: "The word `shall' is mandatory, and the word `may' is permissive." When courts encounter the clear and unambiguous language in a statute, they are bound to apply that statute as written.
Therefore, this opinion concluded, both the $275 fine (La. R.S. 40:1742 (B)(1)) and the $25 fine (La. R.S. 46:2583 (A)(2)) imposed upon violators are mandatory, and may not be reduced according to the judge's discretion. It is important to note that this same opinion also concluded that the courts described in La. C.Cr.P. art. 931 may utilize the suspension provisions of La. C.Cr.P. art. 894 to suspend the fines imposed for violation of handicap parking laws. Once collected, however, the fines must be disbursed within thirty days in accordance with La. R.S. 46:2583.
Your third question inquires into the duty of law enforcement officials to enforce La. R.S. 40:1742. Again, the legislature used clear and unambiguous language: ". . . shallprovide for and enforce a penalty of two hundred seventy-five dollars . . ." This choice of language clearly reflects the desire to have the penalty provision of the statute actively enforced by law enforcement. However, it is within the sound discretion of the law enforcement officials whether to issue the parking ticket for violations of the handicap parking laws. If the officer does issue a ticket for the violation, then the La. R.S. 40:1472 penalty must be enforced.
In summary, it is the opinion of this office that all state agencies and political subdivisions with jurisdiction over street parking or publicly owned and operated parking facilities must comply with the mandatory fine and disbursement provisions of La. R.S. *Page 3 
46:2583 and La. R.S. 40:1742. Furthermore, both the $275 fine and the $25 fine are mandatory, and may not be reduced.
I hope that this opinion has adequately addressed your questions. If I may be of further assistance, please do not hesitate to call me. With warmest regards, I am
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ANN EVANS WALL
Assistant Attorney General